Green, J.
delivered the opinion of the court.
In the county court of Hawkins, ten persons were indicted for a riot. They were separately tried and found guilty, a separate judgment against each rendered for a fine of five dollars and costs; after which the ten defendants came into court, and the following order was made: “The State of Tennessee vs. Robert C. Hodge, Aquilla Jones, Jonathan Jones, John Brown, Thomas Jones, William Moony, John Miles, John Boyken and Levi Hill. In these several cases, the several defendants personally appeared in open court, and jointly confess judgment as security for each other for the fines and costs in that behalf expended. It is therefore considered by the court, that the state recover against the defendants the several fines imposed, together with the costs therein expended, as in manner and form aforesaid confessed, for which executions may issue.” The clerk is. sued an execution on each of the before mentioned judments, each execution being against all of the before mentioned defendants. These executions were levied on the property of John Boyken, who executed to the sheriff a delivery bond, which being returned to court, before judgment was had thereon, Boyken moved that *427 the executions be quashed, which the court refused, but proceeded to judgment on the delivery bond. An appeal was taken to the circuit court, where the judgment of the county court was affirmed, and an appeal to this court.
J. A. M Kinney, for the plaintiff in error.
The above recited order, purporting to be a judgment, is too vague and uncertain to authorize the issuance of an execution thereon. There is no distinct recapitulation of the several cases, but it is put down’as one case; but if there were an enumeration of the several cases, there was no reference to the cases, by which to distinguish them from other cases which may have existed against the same defendants. Independently of these objections, there is nothing in the judgment itself from which it can be seen for what the defendants were rendered liable. In order to see what was adjudged, the records of nine other judgments must be examined and added together. The entry ought to have contained in itself sufficient precision and certainty to have enabled the clerk to issue an execution by the inspection of it, without reference to other entries. But if this be a judgment at all, by which the parties are bound, it is a joint judgment, and must have been followed by a joint execution. It was a great abuse to issue an execution on each of the former, judgments against the whole number of the defendants, when one execution would have been equally effectual. There is error therefore in refusing to quash the executions; and this court proceeding to give such judgment as ought to have been rendered below, do adjudge that the judgment which was rendered on the delivery bond be reversed, and that the executions be quashed.
Judgment reversed.